IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAMES SANFORD, ) | |
| ) | 2:05-cv-1941-GEB-KJM |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CHARLES ROBINSON, INC., d/b/a ) | |
| WEST SACRAMENTO 76 GAS, ) | |
| ) | |
| Defendant. ) | |

On May 22, 2006, Plaintiff filed a Notice ("Pl.'s Notice") stating he had accepted Defendant's Offer of Judgment dated May 11, 2006, and requesting judgment be entered in accordance with that offer. (Pl.'s Notice at 1.) According to that Notice, the parties agree Defendant will provide various forms of "injunctive relief," pay compensatory damages in the amount of $4,001, and "pay attorney's fees and costs as ordered by the Court or by agreement of the parties." (Id. at 1.) Plaintiff also filed a "Proposed Order" on May 22, 2006, requesting that judgment be entered "in favor of Plaintiff and against [D]efendant[] based on Plaintiff's Acceptance of Defendant['s] Offer of Judgment . . . ." (Pl.'s Proposed Order at 1.) However, for the reasons that follow, judgment will not be entered on the injunctive relief portion of the Offer of Judgment and Plaintiff's request for injunctive relief will be dismissed.

The injunctive relief portion of the Offer of Judgment reveals Defendant has agreed to certain modifications in its parking lot, restrooms, and entrances, as well as to "train and direct employees to make all services offered to the general public available to mobility impaired persons." (Pl.'s Notice Ex. A at 2.) By styling these agreed-upon modifications as "injunctive relief," the parties essentially request that the Court oversee and continue to exercise jurisdiction over their agreement. Cf. TNT Marketing, Inc. v. Agresti, 796 F.2d 276 (9th Cir. 1986) (plaintiff sought and obtained enforcement of an injunction through contempt proceedings because the parties had previously stipulated to a judgment enjoining certain conduct). However, "the mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding on the court." Arata v. Nu Skin Int'l Inc., 96 F.3d 1265, 1269 (9th Cir. 1996). The decision whether to grant injunctive relief and exercise such jurisdiction "rests within the equitable discretion of the district courts, and . . . such discretion must be exercised consistent with traditional principles of equity . . . ." Ebay v. Mercexchange, L.L.C., 126 S. Ct. 1837, 1841 (2006); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3005 (2d ed. 2006) (stating that notwithstanding an accepted Rule 68 offer of judgment "[t]he decision whether to enter any injunction is ultimately within the court's discretion").

Here, several considerations dictate that judgment should not be entered on the injunctive relief portion of the accepted Offer of Judgment. First, the proposed injunction does not comply with the requirements of Rule 65(d) of the Federal Rules of Civil Procedure because it lacks specificity. See William Keeton Enterprises, Inc. v.

A All American Strip-O-Rama, Inc., 74 F.3d 178, 182 (9th Cir. 1996) (quoting Rule 65(d)'s requirement that "'every order granting an injunction shall be *specific in terms* . . . [and] shall describe in reasonable detail . . . the act or acts sought to be restrained.'"). For example, the proposed injunction does not specify when the agreed upon modifications are to be completed or what type of training and direction Defendant has agreed to provide to its employees. (Pl.'s Notice Ex. A at 2.) Furthermore, the proposed injunction requires a modification Plaintiff did not seek in his Complaint and may not have standing to obtain in a federal lawsuit. Cf. Peacock v. Thomas, 516 U.S. 349, 359 (1996) (cautioning district courts against exercising jurisdiction over "a new action based on theories of relief that did not exist, and could not have existed, at the time the court entered judgment"). Specifically, Plaintiff, who is male, only requested in his Complaint modifications to the men's restroom, but the accepted Offer of Judgment also requires modifications to the women's restroom. (Compare Pl.'s Notice Ex. A. at 2, with Pl.'s Compl. Ex. A at 16.)

     Nor have the parties shown that an injunction is needed to enforce the injunctive relief provisions in the accepted Offer of Judgment. "[A] federal judge . . . is not mechanically obligated to grant an injunction for every violation of law." Weinberger v. Romero-Barcelo, 456 U.S. 305, 313 (1982)(citing Tennessee Valley Auth. v. Hill, 437 U.S. 153, 193 (1978)). "The requirements for the issuance of [an] injunction are the likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law." Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1495 (9th Cir. 1996) (citation and quotation marks omitted). Whereas here, Defendant has agreed make the modifications, Plaintiff is unlikely to

suffer substantial and immediate irreparable injury.  Furthermore, since the accepted Offer of Judgment reflects settlement between the parties, Plaintiff does not have an inadequate remedy at law should Defendant fail to make the agreed-upon modifications.  See Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002) (observing that settlement of a federal lawsuit over which continuing jurisdiction is not exercised creates a contract that the parties can enforce through a separate lawsuit) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378-82 (1994)) (additional citations omitted).

Therefore, since the parties have reached an agreement as to the modifications to be performed, but have neither presented a proposed injunction that satisfies the specificity requirement of Rule 65 nor shown an injunction is needed, judgment shall not be entered on the injunction portion of the Offer of Judgment.  Furthermore, Plaintiff's request for injunctive relief is dismissed since the parties' agreement embodied in the Offer of Judgment is tantamount to a stipulated dismissal.  Cf. Oswalt v. Scripto, Inc., 616 F.2d 191, 194 (5th Cir. 1980) (revealing that when a settlement is tantamount to a stipulated dismissal, a dismissal order should issue).  However, in accordance with the remaining portions of the Offer of Judgment, judgment shall be entered in favor of Plaintiff and against Defendant "for compensatory damages in the sum of $4,001.00.  Defendant agrees to pay reasonable attorney's fees and costs as ordered by the Court or by agreement of the parties."  (Pl.'s Notice Ex. A. at 2.)

IT IS SO ORDERED.

Dated:  July 6, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge