IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAMES SANFORD,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES A. ROBINSON, INC., dba<br>WEST SACRAMENTO 76 GAS,<br><br>　　　　　　　Defendant. | 2:05-cv-1941-GEB-KJM<br><br><br>ORDER[*] |

　　　　Plaintiff seeks $11,504.25 in attorney fees and $1,289.88 in litigation expenses and costs. (Hubbard Decl. ¶ 5.) Defendant opposes the motion.

BACKGROUND

　　　　Plaintiff filed this lawsuit alleging architectural barriers present on Defendant's property constituted a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and state law. On May 22, 2006, Plaintiff's Acceptance of Defendant's Offer of Judgment was filed with the Court. Defendant's Offer of Judgment provided Plaintiff with various forms of injunctive relief,

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1 $4001 in compensatory damages, and Defendant agreed to pay reasonable
2 attorney fees and costs as determined by the Court.  (Def.'s Offer of
3 J. at 2.)  On July 6, 2006, judgment was entered in accordance with
4 the Offer of Judgment, except on the equitable issues; the equitable
5 claims were dismissed since a settlement was reached and sufficient
6 reason was not provided to exercise jurisdiction over those settled
7 issues.

## DISCUSSION

Plaintiff, as the prevailing party in an ADA action, may recover "reasonable attorney's fees, including litigation expenses, and costs."  42 U.S.C. § 12205 (2006).  Plaintiff seeks recovery of $12,794.13 in attorney fees and litigation expenses.  (Hubbard Decl. ¶ 5.)  Defendant disputes the reasonableness of Plaintiff's requested attorney fees.  (Def.'s Opp'n to Pl.'s Mot. ("Def.'s Opp'n") at 1.) To determine the reasonableness of Plaintiff's request for attorney fees, the lodestar method is used.  This is determined by multiplying "a reasonable hourly rate by the number of hours reasonably expended on the litigation."  Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998).

I.  Reasonable Rate

Plaintiff argues, despite what has been found to be reasonable hourly rates in this district ($250 for experienced attorneys, $150 for associates, and $75 for paralegals), Plaintiff's counsel is entitled to a 22% "raise."  (Mem. of P. & A. in Supp. of Pl.'s Mot. ("Pl.'s P. & A.") at 3.)  Plaintiff relies on a report from the Bureau of Labor Statistics showing a nationwide 22% increase in inflation since these rates were first awarded.  (Pl.'s P. & A. at 3.)

1  Defendant contends that this 22% increase is unwarranted.  (Def.'s
2  Opp'n at 1-2.)
3       Plaintiff's counsel raised this argument in another court in
4  this district earlier this year.  White v. GMRI, Inc., 2006 U.S. Dist.
5  LEXIS 2059 (E.D. Cal. Jan. 20, 2006) ("GMRI").  As the court in GMRI
6  found, merely citing a nationwide statistic regarding inflation does
7  not satisfy Plaintiff's burden of showing entitlement to higher
8  rates.  2006 U.S. Dist. LEXIS 2059 at *15.  For additional support,
9  Plaintiff presents the declaration of his attorney Lynn Hubbard.
10 Hubbard declares that a defense lawyer "moved the court" to award a
11 rate of $485 per hour for a senior partner, $430 per hour for a senior
12 associate, and that the law firm billed $377.97 per hour on average
13 for associates.  (Hubbard Decl. ¶ 4.)  Hubbard's averments neither
14 reveal whether the motion was granted, nor whether the rates sought
15 represent "the prevailing market rate in the relevant community."
16 Bouman v. Block, 940 F.2d 1211, 1235 (9th Cir. 1991).  "The relevant
17 community is generally the forum in which the district court sits."
18 Eiden v. Thrifty Payless Inc., 407 F. Supp. 2d 1165, 1170 (E.D.
19 Cal. 2005) (citing Barjon v. Dalton, 132 F.3d 496, 500 (9th
20 Cir. 1997)).  Plaintiff has not explained why rates awarded in other
21 districts should be considered the prevailing market rate in this
22 forum.
23      Plaintiff also relies on the declaration of attorney Thomas
24 E. Frankovich.  (Hubbard Decl. at 2; Ex. A.)  Frankovich discusses his
25 $335 hourly rate, which has been raised to $375, and that his $335
26 hourly rate was found reasonable in the Central and Northern Districts
27 of California; in addition, he declares he was awarded a rate of $300
28 per hour in two cases in the Central District.  (Id.)  These

districts, however, have not been shown to be the relevant community. (Id.)  Plaintiff has proffered no evidence that reasonable rates in this district are $305 for experienced attorneys, $185 for associate attorneys, and $90 for paralegals as Plaintiff argues.  Accordingly, Plaintiff's request for a 22% increase is denied and the reasonable rate is established at $250, $150, and $75, respectively.  See e.g., GMRI, 2006 U.S. Dist. LEXIS 2059; Pickern v. Marino's Pizza & Italian Rest., 2003 U.S. Dist. LEXIS 26950 (E.D. Cal. April 9, 2003).

### A.  Scott Hubbard

Plaintiff argues that his attorney Scott Hubbard's hourly rate should be increased to $275 per hour to match his expertise in ADA law.  (Pl.'s P. & A. at 4-5.)  Plaintiff submits a list of 12 cases where Scott Hubbard served as lead counsel.  Plaintiff's mere listing of the names of cases where Scott Hubbard has acted as lead counsel is insufficient to sustain his burden showing that this requested rate is reasonable.  This request is denied.

## II.  Reasonable Hours

Defendant argues that several hours Plaintiff requests in his fee award were not reasonably expended and that the lodestar calculation should be reduced.  (Def.'s Opp'n at 2.)  The Ninth Circuit uses a 12-factor test for determining when fees are reasonable.  Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976).  These factors include:

> "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the

4

1 experience, reputation, and ability of the
attorneys, (10) the 'undesirability' of the case,
2 (11) the nature and length of the professional
relationship with the client, and (12) awards in
3 similar cases."

4 Id. at 70.  To the extent that some of the Kerr factors are not

5 figured into the lodestar, they may be used to adjust the lodestar

6 upward or downward.  Doran v. Corte Madera Inn Best Western, 360

7 F. Supp. 2d 1057, 1061 (N.D. Cal. 2005).

8 In support of his claim, Plaintiff submits a four page "slip

9 copy" which lists a record of all hours counsel allegedly spent on the

10 litigation with a brief description.  (Hubbard Decl. Ex. B.)

11 Defendant offers several examples where Plaintiff's slip copy lists

12 phone calls to defense counsel lasting for .3 hours while defense

13 counsel's records indicate the phone call lasted only for .2 hours.

14 (Def.'s Opp'n at 3.)  Defendant also alleges that although Plaintiff

15 lists a total of 1.8 hours spent drafting letters to defense counsel,

16 Plaintiff's counsel admitted delegating the drafting of those letters

17 to a paralegal.  (Marabito Decl. ¶¶ 2, 4.)  Despite these minor

18 inconsistencies a reduction of the requested hours has not been shown

19 appropriate.

20 A.   Secretarial Tasks

21 Defendant lists over a page of tasks from Plaintiff's slip

22 copy filled with tasks Defendant claims are secretarial in nature and

23 argues Plaintiff cannot recover for these tasks.  (Def.'s Opp'n

24 at 4-5.)  "[S]ecretary time for tasks including creating files,

25 sending faxes, making copies, and calendaring dates, is an overhead

26 expense that goes to an attorney's hourly rate and should not be

27 billed to a client separately."  Loskot v. USA Gas Corp., 2004 U.S.

28 Dist. LEXIS 29174, at *13 (E.D. Cal. April 26, 2004); see also

Doran, 360 F. Supp. 2d at 1062 ("Typing and various clerical tasks should be included in attorney billing as overhead to run the office, not recoverable in a motion for attorney fees."). Those tasks involving serving papers and filing documents with the court can be performed by a secretary and therefore, Plaintiff cannot recover for those items in this motion for attorney fees. As a result, Plaintiff's request for paralegal hours will be reduced by 3.9 hours.

### B. Travel Time

Defendant argues that Plaintiff's counsel may not charge fees to travel to Sacramento in connection with this litigation. (Def.'s Opp'n at 6.) Although it is sometimes proper to include travel time in a motion for attorney fees, Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1543-44 (9th Cir. 1992), "[D]efendant is not required to shoulder [Hubbard's] travel expenses to and from Sacramento because Hubbard has filed hundreds of cases in Sacramento and it appears that he maintains his office in Chico for his own convenience." Martinez v. Longs Drug Stores, Inc., 2005 U.S. Dist. LEXIS 30226, at *12 (E.D. Cal. Nov. 28, 2005) (quoting Sanford v. Thrifty Payless, Inc., 2005 U.S. Dist. LEXIS 39833, at *9-10 (E.D. Cal. Oct. 12, 2005)). Therefore, Plaintiff's claim for attorney Lynn Hubbard's hours is reduced by 3.0 hours.

### C. Boilerplate Documents

Defendant contends that since Plaintiff's counsel has filed hundreds of ADA cases, many documents should be considered boilerplate and should be billed at a lower rate. (Def.'s Opp'n at 7.) Plaintiff's counsel admits litigating over 1100 ADA cases. (Hubbard Decl. ¶ 16.) Therefore, the requested hours for drafting the Complaint, Request for Admissions, Interrogatories, Request for

1 Production of Documents, Joint Status Report, Offer of Judgment, and
2 Motion for Attorney Fees is reduced by two thirds.  See Eiden, 407
3 F. Supp. 2d at 1170 (reducing the plaintiff's request by two thirds
4 for drafting the complaint, demand letter, interrogatories, and
5 production of documents).  Lynn Hubbard's requested hours are reduced
6 by 2.8 hours and Scott Hubbard's requested hours are reduced by 3.0
7 hours.

        D.   Initial Conflict Check

9         Defendant contends that Plaintiff should not be permitted to
10 recover attorney fees for time spent completing an "initial conflict
11 check."  (Def.'s Opp'n at 8.)  This item has not been shown to be a
12 fee for which counsel could reasonably bill his client; therefore Lynn
13 Hubbard's charge for a 0.7 hour initial conflict check is disallowed.
14 See GMRI, 2006 U.S. Dist. LEXIS 2059 at *8; see also Eiden, 407
15 F. Supp. 2d 1165, 1170 (disallowing the 0.7 hour charge for the
16 initial conflict check); Loskot, 2004 U.S. Dist. LEXIS 29174 at *15
17 (disallowing the charge for the initial conflict check).

        E.   Discovery Tasks

19         Defendant argues that some tasks performed by attorneys
20 Scott and Lynn Hubbard could have been performed by a paralegal and
21 therefore, should be billed at the paralegal hourly rate.  (Def.'s
22 Opp'n at 8-10.)  Plaintiff agrees that time spent reviewing responses
23 to interrogatories, admissions, and request for production of
24 documents, as well as preparing Plaintiff's responses to
25 interrogatories and requests for production of documents should be
26 billed at a lower rate than his requested $305 per hour.  (Hubbard
27 Decl. at 3.)  Hubbard requests a rate of $200 per hour for these
28 tasks.  (Id.)  Since these are routine discovery tasks conducted by

1 counsel, Plaintiff will not recover the full amount of attorney fees
2 requested. See Martinez, 2005 U.S. Dist. LEXIS 30226 at *22
3 (precluding all recovery for discovery related tasks because they are
4 "mere secretarial" tasks); GMRI, 2006 U.S. Dist. LEXIS 2059 at *11
5 (reducing the requested hours by two thirds for discovery related
6 tasks).  Therefore, Plaintiff's requested hours for discovery tasks
7 are reduced by two thirds.  Accordingly, Lynn Hubbard's requested
8 hours are reduced by 2.8 hours and Scott Hubbard's hours are reduced
9 by 2.6 hours.

F.  Preliminary Site Inspection

11       Defendant contends he should not be required to pay for
12 Plaintiff's preliminary site inspection.  (Def.'s Opp'n at 10.)
13 Plaintiff counters that this cost should be recoverable as a
14 litigation expense because the inspection enabled Plaintiff to give
15 specific notice of the injunction he sought.  (Pl.'s Reply at 8.)
16 Since this cost is not duplicative of another expense, it will be
17 awarded.

III. Adjustment of Lodestar

19       Defendant argues that the lodestar should be reduced by the
20 Kerr factors.  (Def.'s Opp'n at 12.)  Most of the twelve factors have
21 already been considered in the computation of the lodestar and
22 therefore, cannot be reconsidered here.  See Doran, 360 F. Supp. 2d
23 at 1063.  A review of the remaining factors leads to the conclusion
24 that a reduction in the lodestar is not appropriate in this case.

CONCLUSION

26       The reasonable hourly rate is set at $250 for Lynn Hubbard,
27 $150 for Scott Hubbard, and $75 for the paralegals.  Plaintiff can
28 recover fees for 3.9 hours of paralegal work, 10.1 hours at a rate of

```
 1  $150 per hour for attorney Scott Hubbard, and 12.95 hours at $250 per
 2  hour and 2.1 hours at $200 per hour for attorney Lynn Hubbard.
 3  Therefore, Plaintiff can recover a total of $5896.25 in attorney fees.
 4  In addition, Plaintiff can recover $1289.88 in litigation costs for a
 5  total of $7186.13.
 6          IT IS SO ORDERED.
 7  Dated:  October 2, 2006
 8
                                    /s/ Garland E. Burrell, Jr.
 9                                  GARLAND E. BURRELL, JR.
                                    United States District Judge
10
```